Doerfer, J.
The plaintiff, Jane Doe (“Doe”), brought this action against the defendants alleging that defendant, Kevin Andrews (“Andrews”), sexually harassed and assaulted her at her place of employment. The plaintiff has now moved to compel the defendant, Bechtel/Parsons Brinckerhoff (“B/PB”), to produce documents relating to all complaints of discrimination against B/PB from October 1992 to the present. B/PB has refused to provide such discovery on the ground that the requested documents are irrelevant to Doe’s claim, the request is overbroad, and such documents are confidential. For the reasons which follow, the plaintiffs motion to compel is denied.
BACKGROUND
The complaint alleges the following facts:
In October, 1992, Doe was hired as an executive secretary to William S. Flynn, Deputy Project Director for the Central Artery Tunnel Project (the “Project”) of the Massachusetts Highway Department (“MHD”). Andrews was, at all relevant times, Manager of Employment and Training at the Project. Andrews worked on the Project trader the supervision of both the Commonwealth and B/BP, but was paid by Excel Placement Services, a temporary employment agency.
After Andrews joined the Project, Andrews subjected Doe to unwelcome sexual comments and touching. In November, 1993, Doe accompanied Andrews to a restaurant for dinner. After dinner, Andrews kissed her several times on the lips in his car. Doe demanded to be driven home and Andrews ultimately acquiesced to her demands. During the months of November, 1993, December, 1993, and January, 1994, Andrews continued to enter Doe’s office and comment on her physical appearance. These visits caused Doe to experience anxiety and distress. On January 26, 1994, Doe suffered a heart attack.
In June, 1994, Patricia O’Brien (“O’Brien”), the Sexual Harassment Officer for the MHD, was first informed of the above events. On August 5,1994, after an investigation, O’Brien issued a Report of Investigation, wherein she concluded that Andrews subjected Doe to sexual harassment and, on November 19,1993, subjected Doe to unwanted sexual advances. Shortly thereafter, Andrews was removed from the workplace.
On October 31, 1994, Doe filed this action. On December 12, 1994, Doe served her first request for production of documents on B/BP. The parties have resolved their discovery dispute as to all requests except Request No. 17.

Request 17:

All documents relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against [Defendants] which alleges discriminatory conduct based on sex, sexual harassment and/or retaliation from October 1992 to the present.

Response:

Request Number 17 is overly broad and seeks documents which are not relevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.
B/BP has agreed to produce a witness to testify regarding any and all allegations of sexual harassment against Andrews. (Motion for Protective Order, p. 3.)
DISCUSSION
Doe asserts that the documents sought pursuant to Request No. 17 are relevant to proving B/BP’s liability for sexual harassment in that they may demonstrate B/BP’s past failure to take other sexual harassment complaints at Doe’s workplace seriously.
“Hostile environment” harassment occurs when verbal or physical conduct of a sexual nature is so pervasive or severe in the workplace that it creates a work environment that is offensive to a reasonable *33 person in the plaintiffs position. Lipsett v. University of Puerto Rico, 864 F.2d 881, 897 (1st Cir. 1988); Gnere v. Massachusetts Commission Against Discrimination, 402 Mass. 502, 507 (1988). “An employer is liable for sexual harassment in the workplace if the employer is notified of the condition and fails to take adequate steps to remedy the situation.”[1] College-Town v. Mass Comm’n Against Discrim., 400 Mass. 156, 166-67 (1987). An employee can demonstrate that the employer knew of the harassment by showing that she complained to management, or by showing that the harassment was pervasive and known to others in the workplace. Id. at 166-67. “(A]n employee who alleges sexual harassment must show that the employer’s conduct was intentionally or in effect hostile, intimidating, humiliating to the plaintiff in a way that affected her performance or the conditions of her employment.” Ramsdell v. Western Massachusetts Bus Lines Inc., 415 Mass. 673, 679 (1993) (emphasis in oriqinal), citing G.L.c. 151B, §1(18).
Doe concedes that she was unaware of any other incidents of sexual harassment in the workplace to which B/BP did not respond. Thus, even assuming arguendo that there were such other prior instances of sexual harassment, this fact would not advance her present claim. Since Doe was unaware of any past incidents of sexual harassment, she could not allege that B/BP’s conduct in failing to adequately respond to prior complaints, involving employees other than Andrews, created an environment that was hostile, intimidating, or humiliating to her. See Ramsdeil, supra at 679. With regard to her claims as presently alleged, B/BP has agreed to produce a witness to testify regarding any and all allegations of sexual harassment against Andrews. Accordingly, Doe will be able to discover whether B/BP had notice of Andrews’ alleged behavior and failed to take any action. At this juncture, Doe’s motion to compel B/BP to produce all documents relating to complaint of sexual harassment against B/BP is denied.
ORDER
For the foregoing reasons, the plaintiff Jane Doe’s Motion to Compel is DENIED.

The Supreme Judicial Court has ruled, however, that employers are strictly liable for both the “quid pro quo” and “hostile environment” harassment of their supervisors, regardless of whether the employee complained of the harassment to the employer or the employer was otherwise made aware of the conduct or had the opportunity to stop it. College Town, Division of Interco Inc. v. Massachusetts Commission Against Discrimination, 400 Mass. 156, 166 (1987).